Leroy A. Andreozzi, E67470

P.O. Box 2500   CMF

Vacaville, CA  95696-2500

OREiGIAL

**FILED**

SEP   7 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PlAINTIFF

v.

GrAY DAViS e.t.al.

DeFeNdANT'S

)
)
)
)
)
)
)
)

CiV.S-02-0776-GEB-CMK-P

Motion for temporary
restraining order--
preliminary injunction

(Rule 65-231) Local
rules of court
USDC. EDCA

SUPLAMENTAL To FILED
Acg 17, 2005

IRREPARABLE HARM

APPLICATION FOR TEMPORARY

RESTRAINING ORDER

I CAN ONLY
GET 3 COPY
OF THE "ACTION"
I NEED A COURT
ORDER To GET MOre.

1

## TOPICAL INDEX

2  Motion for Temporary Restraining Order

3  Tables of Authorities

4  Contentions

5  Motion for (TRO) Rule 65-231 USDC.EDCA

6  CONCLUSION

7

8

9

10

11  DECLARATION/AFFIDAVIT

12  Declaration of _Leroy A. Andreazzi._

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(TRO)

## TABLE OF AUTHORITIES

MILTIER V. BEORN, 896F. 2d at 849 n. 10. . . . . . . . . . .2

GOMEZ V. VERNON 255 F. 3d at 1119 n. 6. . . . . . . . . . . 2

GOMEZ V. VERNON, 255 F. 3d at 1119 n. 5. . . . . . . . . . .2

VERSER V. ELYEA 113 F. supp. 2d at 1212 n. 12. . . . . . .2

KENTUCKY V. GRAHAM 473 U.S. 159,166. . . . . . . . . . . .3

MAYWEATHER V. TERHUNE 258 F. 3d 930 (2001). . . . . . . . 4

## STATUTE

RELIGIOUS LAND USE INSTITUTIONALIZED PERSONS ACT. .5.6.7.

## LOCAL RULE

LOCAL RULES OF COURT USDC.EDCA RULE 65-23]

## CONTENTIONS

### 1

Plaintiff was intentionally deprived of his constitutional
rights through indifferent or tacit authorization under
<u>Miltier v. Beorn</u>, 896 f. 2d at 849 n. 10, for supervising
officials turn-a-blind eye, in upholding and/or approval
of the constitutional deprivations by affirming punishment,
and denying plaintiff a religious exemption to the CDC
grooming policy.

### 2

Plaintiff was constitutionally deprived, due solely to
departmental custom and policy, imbedded in the grooming
standards of CDC, in violation of federal law under
<u>Gomez v. Vernon,</u> 255 f. 3d at 1119 n. 6, which is the
proximate cause of the deprivations.

### 3

Defendants meet all criteria in 'cite' <u>Gomez v. Vernon,</u>
255 f. 3d at 1119 n. 5, therefore are liable in their
official capacity for the deprivation in question.

### 4

Defendants that deprived plaintiff of his constitutional
rights by denying his appeals, personally involved them-
selves and are liable under federal law in re: <u>Verser
v. Elyea,</u> 113f. supp. 2d at 1212 n. 12, in that their
denying plaintiff's appeals upheld the consitutional
injury incurred.

## CONTENTIONS, CONT'D

### 5

This is an official-capacity suit, and "[a]n official-capacity suit is, in all respects other than name, to be treated a a suit against the entity", in re: <u>Kentucky v. Graham,</u> 473 U.S. 159, 166 (1985).

## MOTION FOR TEMPORARY RESTRAINING ORDER

## RULE 65-231

Plaintiff brings this motion forth in accordance with local rules of court, as set by the Eastern District of California. Plaintiff contends that he has no other adequate remedy in the ordinary course of law. Under rule 65-231 (b). Timing of Application

> "In considering an application for a temporary restrain-
> ing order, the court will consider whether the appli-
> cant could have sought relief by motion of preliminary
> injunction at an earlier date without the necessity
> for seeking last-minute relief by application for
> temporary restraining order. Should the court find
> that the applicant unduly delayed in seeking injunctive
> relief, the court may conclude that the delay consti-
> tutes laches or contradicts the applicant's allegations
> of irreparable injury and may deny the application
> solely on either ground."

Plaintiff comes before this court, in express of the arbitrary exercises of the California Department of Corrections, turn-a-blind eye to federal constitutional law, in their implementation of the CDC grooming standards policy.

The ninth circuit has ruled in Mayweather v. Terhune, that the RLUIPA is constitutional. The ninth circuit has determined that Congress enacted RLUIPA as a legitimate exercise of its spending power. Mayweather v. Newland, 314 f. 3d 1062, 1066 (9th cir. 2002).

Case authority indicates that the RLUIPA prescribed the same law that was embodied in the religious freedom restoration act of 1993. Congress passed RLUIPA to cure constitutional defects in RFRA.

(4)

## MOTION FOR TEMPORARY RESTRAINING ORDER

### RULE 65-231 CONT'D

Under <u>RLUIPA</u>:

> "No substantial burden can be imposed on the reli-
> gious exercise of a person or a religious assembly
> unless the government demonstrates that the burden
> is in furtherance of a compelling governmental interest.
> 42 U.S.C. 2000 cc(a)(1).

Reasonable officials can no longer rely on the law as it existed prior as of September 22, 2000, when <u>RLUIPA</u> was enacted.

Plaintiff contends that the CDC et. al. measure of force through fear of adverse punitive measures, in the cutting of his hair, has and is causing irreparable "physical injury" in the exercise of his religious beliefs.

So, for these reasons, and in compliance with the act, (42 U.S.C. <u>RLUIPA</u>, 200 et. seg.), plaintiff motions this court for a temporary restraining order against the California Department of Corrections et. al., from imple-menting punitive measures, in regards to the growth of his hair until his <u>RLUIPA</u>, claims has been settled with this court.

Plaintiff further attaches affivdavits/declarations in compliance with rule 65-231 (c) (4) (5), to show his efforts with the California Department of Corrections to obtain a religious exemption from the CDC grooming policy, that would have allowed them to retain it for those who do not meet the criteria of this act.

(see attached declarations) (emphasis added)

## MOTION FOR TEMPORARY RESTRAINING ORDER
## RULE 65-231 CONT'D

Plaintiff further presents to this court, in compliance
with rule 65-231 (c) (3), briefing on all relevant issues
presented by this motion.  (SEE TRO-PRE-LIM- BRIEFING).

Plaintiff has also complied with local rules of court
in motioning for a temporary restraining order in this
matter, and presents prima face' evidence with case authority
and declarations, corollated with the punitive actions
of CDC et. al. officials, that if the CDC et. al. is not
halted in their acts of, through fear, forcing plaintiff
to cut his hair, against his religion he will further suffer
substantial irreparable harm.

### CONCLUSION

For the reasons herein stated, plaintiff prays that
a temporary restraining order be issued, restraining
respondents from further punishing plaintiff for exercising
his religion in accordance with RLUIPA, and asks this
court to order respondent to allow a religious exemption
to the CDC grooming regulation that prohibits male inmates
from growing hair longer than three inches, and to thus
refrain from disciplining or punishing plaintiff in any
way for growing his hair longer than three inches in
in the exercise of his religion.

(6)

1    DECLARATION of Leroy A. Andreozzi
2    I, Leroy A. Andreozzi, the declarant in the
3 matter, swear to the truth of this statement, on
4 many occasions I tried to appeal and plead with
5 the C.D.C. eT. Al, that by its enforcement of their
6 grooming policy, in my regards, was causing last-
7 ing and irreparable injury by forcing me to
8 chose to "Not" cut my hair against my religious
9 beliefs. I informed C/o youngblood. L.T. D.S. Jones
10 CaptiN S. Moreno  A.W. S. O'Ran  A.W. Veal And
11 N. Grannis chief Inmate Appeals Branch on
12 Appeal of 602 Log No 04-M-1102   01-p.0504-062
13 interview that I am a practicing Shon Shone GosT
14 Dancer and they said I had to cut my hair any way
15 as it was the rulls. I did inform them I was all
16 ready on (C) status And by rulls I could not
17 recived any more c.o.c. they Did iN Form me
18 by the time I did a 602 Appeal my punment
19 would be done And there wasent nothing I could
20 do about it. Dated 6-18-2004
21    Now on Appeal of C.D.C. 115 03-H-0705-091
22 Dated 8-12-2005 Grooming standers.
23 No 7 C.D.C. 115 For Violishion of (CCR) Title 15
24 3062
25 I informed J. Popovits sergeant of the above 602
26 And still Found Gulty And I am being punnished
27 As of 8-31-05 As they do not Care what the
28                        (7).

1 plaintiff has To Say as iTS ageanT's his
2 ~~own~~ Religion And iT is AgeanT's his UNiTed
3 STATeS CONSTiTuTiONAL RighTS.
4 FiresT AmendmenT FourTh AmendmenT And
5 The FourTeenTh g. See ExhibiT "A" Filed
6 Aug 17-2005, "ANd R.L.Ui.p.A"
7 I have done All That J Could To persuAde The C.O.C. To
8 honor The religious ExempTioN AFForded me under
9 (RLUiPA.). I Thus, have No oTher ordinAry Course of
10 remedy AT LAw besides The Seeking of This TemporAry
11 resTrAining order, To which iFNoT GrANTed, will
12 ConTiNue irreparable iNjury ANd SuFFering To my
13 deTrimeNT.
14
15 I Swear uNder The pAiN oF perjury ThaT The
16 Forgoing is True ANd CorrecT.
17
18                        DATed 8-31-05
19
20 Leroy A. ANdreozzi          * Leroy a. andreozzi
21 priNTedNAme                  SiNguTer
22
23
24
25
26
27
28                    (9)

TEMPORARY RESTRAINING ORDER
PRE-LIMINARY INJUNCTION BRIEFING

## RLUIPA CLAIMS

### THE GROOMING REGULATION DENYING
### INMATES A RELIGIOUS EXEMPTION TO THE
### HAIR LENGTH LIMITATION VIOLATES
### RLUIPA

Under RLUIPA the defendants may not impose a "sub-
stantial burden on the religious exercise" of the plaintiff
unless defendant can show that imposition of that burden
"(1)  is in furtherance of a compelling governmental
interest; and (2)  is the least restrictive means of
furthering that compelling governmental interest."
(42 U.S.C. §2000 cc-1(a).).  Once plaintiff "produces
prima face' evidence to support a claim alleging a viola-
tion of the free exercise clause..., the government shall
bear the burden of persuasion on any element of the claim
[of RLUIPA violation], except that plaintiff shall bear
the burden of persuasion on whether the law (including
whether a regulation) or government practice that is
challenged by the claim substantially burdens the plaintiff's
exercise of religion."  42 U.S.C. §2000 cc-2(b).

For purposes of RLUIPA, the term "religious exercise"
is defined as including "any exercise of religion, whether
or not compelled by, or central to, a system of religious
belief"  (42 U.S.C. §2000 cc-5(7)(A).)

(10)

## RLUIPA . . . CAUSE OF ACTION CONT'D

RLUIPA is to be "construed in favor of a broad
protection of religious exercise, to the maximum extent
permitted by the terms of this chapter and the consti-
tution." (42 U.S.C. §2000 cc-3(g).)  The ninth circuit
has affirmed the constitutionality of RLUIPA. (Mayweathers
v. Newland (9th cir. 2002) 314 f. 3d 1062, cert. denied,
Alameida v. Mayweathers (2003)-U.S.-, 124 s. ct. 66.)

Plaintiff's declarations supporting the attached
motion for temporary restraining order, show that refrain-
ing from cutting his hair is in exercise of his religion.
It is further undisputed that the only choice plaintiff
had and has in this matter is to violate his religion
or suffer punitive measures, as he has, from defendants
due to their grooming regulations.

It has thus been shown that defendant's regulation
substantially burdens plaintiff's exercise of religion.
Consequently, defendant has the burden of persuasion that
the regulation is in furtherance of a compelling state
of interest and is the least restrictive means of further-
ing that interest.  Defendant states no reason for refusing
to allow plaintiff to grow his hair longer than three
inches except this violates the CDC grooming policy.

Two possible reasons that this prohibition that one
might imagine are the impact of long hair on the appearance,
a potential security concern involving inmate identifi-
cation; and the possibility of hiding contraband in the

## RLUIPA        CAUSE OF ACTION CONT'D

hair.   However legitimate these two security concerns
might be,. prohibiting male inmates from growing hair
longer than three inches is not the least restrictive
means of addressing those concerns.   This is proven by
the recent clarification of memorandum issued by the deputy
director of the CDC, stating that hair up to three inches
in length that is braided or worn in a pony tail is accept-
able provided the inmate can "unbraid, undo, or take
down their hair--so as to allow staff to accurately deter-
mine hair length and that it is free from contraband."
("Pliler memo"

Plaintiff contends that the three-inch hair length
limitation is completely arbitrary and unnecessary.
Hair that is braided or tied back and taken down upon
demand for inspection for contraband presents no more
of a security risk if it is longer than three inches or
shorter. Hair maintained in this acceptable fashion does
not impact either the appearance or identification of
an inmate, nor the ability to hide contraband. The arbi-
trariness of the limitation is demonstrated by the fact
that the defendant continues to deny plaintiff's appeal
to grow his hair longer than three inches, but allows
him to do so provided he keeps it braided.  (see 602 appeal
denials).

(12)

## RLUIPA ~~SECOND~~ CAUSE OF ACTION CONT'D

Moreover, plaintiff's hair, for years, were not consid-
ered an issue until his filings in #civ.  s-03-2360 DFL
KJM-P, and the retaliation claims proximately resulting
from the actions of CDC et. al. officials.

Thus, for failing to prove a compelling State interest
in forcing plaintiff to choose between obeying his religion
-or obeying the grooming regulation, and failing further
to show that the regulation is the least restrictive means
of meeting any such interest, defendants have violated
RLUIPA.

RLUIPA ~~EIGHTH~~ CAUSE OF ACTION CONT'S    6.

## THE HAIR LENGTH LIMITATION FOR ALL MALE INMATES, AND THE ABSENCE OF SUCH A LIMITATION FOR ANY FEMALE INMATE VIOLATES PLAINTIFF'S EQUAL PROTECTION RIGHTS

Defendant's requirements that plaintiff cut off his hair violates plaintiff's equal protection rights. State female inmates are not required to cut their hair; it may grow any length. (cal. code regs. tit. 15. §3062 (f).) If a female inmate's hair is long, "it shall be worn up in a neat, plain style, which does not draw undue attention to the inmate." Id. male inmates are denied this option under any circumstance.

[A]ny differences in privileges or treatment of inmates which result from classification based upon gender are to be treated as suspect under the equal protection provisions of the California Constitution, Article 1, Section 7, which provisions are possessed of independent validity from the Fourteenth Amendment, so that a decision based upon a determination that the equal protection guaranteed by the State Constitution has been violated will stand on that State ground alone." (Inmates of Sybil Brand Institute for Women v. County of Los Angeles, (1982) 130 cal. app. 3d 89, 102, quoting Molar v. Gates, (1979) 98 cal. app. 3d 1, 12.) The CDC's grooming regulations treat inmates differently based upon gender, so the regulation must stand up to the same strict scrutiny standards

1  applied in RLUIPA.  (Id)  (Emphasis added)

2

3

4                          PHYSICAL INJURY

5

6       Plaintiff contends that on or about 06-18-04 AND 5-12-05 he

7  was forced, through fear of punitive measures, to Chase To Cut

8  his hair against his religious beliefs.  Due to the court's

9  ruling in the Gallahan decisions, that hair is considered

10  a "sense organ", and is as much a part of the body as

11  blood, skin and saliva; for the CDC et. al., through the

12  threat of fear of punitive measures amounting to an act

13  of violence, to punish plaintiff, irreparably, until he

14  cut his hair amounts to "physical injury" of both body

15  and mind.

16       Plaintiff is under constant duress in regards to

17  his hair.  The CDC et. al. would do nothing of substantial

18  merit to relieve this burden from upon the plaintiff.

19  Plaintiff has to continuously suffer "physical injury"

20  every time he cuts his hair against his religious faith;

21  this is constant   due to upon every indication that his

22  hair has exceeded three inches, he has to cut it.  For

23  the reasons throughout this petition, the CDC et. al.

24  should held to answer.

25  I Swear Under The pAIN oF perjury ThAT The Forgoing is True

26  ANd Correct.      DATEd 8-31-05

27  Leroy A. ANdreozzi            * Leroy a andreozzi

28  pRiNTed NAME                  SiNguTer

                          (15)

1        ReliF

2

3     All ReliF FiLed AuguST 17, 2005

4

5     I declare uNder peNalTy of perjury ThaT

6     The Foregoing is True ANd CorrecT.

7      EXECuTeD AT VACaVille, CaliFotNia oN

8     AuguST 31, 2005

9

10 Leroy A. ANdreozzi        * Leroy a andreossi

11  priNTed NAme             SigNATure

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28              (16)

## DECLARATION OF MAILING

I, *Leroy A. Andreozzi*, declare:

I am a citizen of the United States, over the age of eighteen years and not a party to the within action;

My legal mailing address is the California Medical Facility, P.O. Box 2500, Vacaville, CA 95696-2500;

That, on *August 31, 2005*, I served a copy of the foregoing *Motion For Temporary restraining order preliminary Injonction (Rule 65-230 Loc'll rules of court u.s.Dc EDc4 Supplemental To Filed* by placing said copy in the United States mail at Vacaville, *Aug 17,2005*

California, County of Solano, addressed as follows:

*Clerk, U.S. District Court Eastern District of California*
*501 "I" Street Room 4-200*
*Sacramento, California 95814*

*attorney General office of the State of California*
*1300 "I" Street Suite 125*
*P.O Box Box 944255*
*Sacramento, California 94244-2550*

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED at Vacaville, California on *August 31, 2005*.

*Leroy A. Andreozzi*
Declarant's Printed Name

*Leroy A. Andreozzi*
Declarant's Signature